**UNITED STATES of America,**
**Appellee,**

v.

**Shitian WU, Defendant–Appellant.**

**No. 05–6545.**

United States Court of Appeals, Second Circuit.

May 19, 2006.

Darrell B. Fields, Federal, Defenders of New York, Inc., Appeals Bureau, New York, NY, for Appellant.

Glen G. McGorty, Assistant United States Attorney (Michael J. Garcia, United

States Attorney for the Southern District of New York, Amy Finzi, Celeste L. Koeleveld, Assistant United States Attorneys,) New York, NY, for Appellee, of counsel.

PRESENT: Hon. AMALYA L. KEARSE, Hon. JOSEPH M. McLAUGHLIN, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED and DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Shitian Wu was convicted, after a jury trial, of one count of unlawful procurement of citizenship in violation of 18 U.S.C. § 1425, one count of making a false statement in a passport application in violation of 18 U.S.C. § 1542 and one count of making a false statement in an immigration document in violation of 18 U.S.C. § 1546(a). The district court sentenced Wu principally to 6 months' imprisonment. Wu appealed one count of his conviction and his sentence. This Court affirmed Wu's conviction, but remanded the case to the district court for consideration of whether resentencing was appropriate in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *United States v. Wu*, 419 F.3d 142, 147 (2d Cir.2005), *cert. denied*, — U.S. ——, 126 S.Ct. 1073, 163 L.Ed.2d 893 (2006). On remand, the district court declined to resentence Wu. Wu appeals from that decision.

The government contends that we lack jurisdiction over Wu's appeal because Wu challenges the reasonableness of a sentence that falls within a correctly calculated Guidelines range. This contention is foreclosed by this Court's recent decision in *United States v. Fernandez*, 443 F.3d 19, 25–26 (2d Cir.2006).

We review Wu's sentence under a "standard of reasonableness." *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005) (internal quotation marks omitted).

Wu asserts that his sentence of 6 months' imprisonment is substantively unreasonable. The district court stated that Wu's crimes involved "a lengthy and elaborate fraudulent scheme ... directed to the United States government." Sentencing Tr., Aug. 13, 2003, at 14. Having carefully reviewed the record, we conclude that it supports the district court's characterization. We think it also worth noting that Wu's fraud, though apparently initially aimed at securing the entry of family members into the United States, also evolved into an attempt to obtain money in the form of Supplemental Security Income. *See Wu*, 419 F.3d at 143. We conclude that the sentence imposed by the district court is not unreasonable.

Wu next argues that the district court committed procedural error by considering "acquitted conduct" in calculating the applicable Guidelines range. Specifically, Wu contends that the district court improperly applied a sentencing enhancement based upon the same allegations of witness tampering of which the jury acquitted Wu at trial. As Wu recognizes, however, Appellant's Br. at 6, this argument is foreclosed by our decision in *United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir.2005), *cert. denied*, — U.S. ——, 126 S.Ct. 1665, 164 L.Ed.2d 405 (2006).

We have considered Wu's remaining arguments and conclude that they are without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.